**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAIRO ERNESTO DIAZ SORTO, AKA
Eairo Diaz, AKA Ernesto Diaz,

                Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney
General,

                Respondent.

No.   15-73229

Agency No. A094-952-232

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

    Jairo Ernesto Diaz Sorto, a native and citizen of El Salvador, petitions pro se

for review of the immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution and thus is not

entitled to relief from his reinstated removal order.  Our jurisdiction is governed by

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252; *see Martinez v. Sessions*, 873 F.3d 665, 658-59 (9th Cir. 2017). We review for substantial evidence the IJ's factual findings. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). We deny the petition for review.

We do not consider the facts Diaz Sorto references in his opening brief or the materials attached to it that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the IJ's conclusion that Diaz Sorto failed to establish a reasonable possibility of future persecution, where the evidence demonstrates his feared harm from gang violence lacks a nexus to an enumerated ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

We reject Diaz Sorto's contention that he is eligible for asylum. *See* 8 C.F.R. § 1208.31(g)(2)(i).

Finally, Diaz Sorto does not make any specific arguments regarding CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION FOR REVIEW DENIED.**