**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3435

_____

JOSUE GUEVARA-PALADA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-770-712)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2018
Before:  VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed:  May 22, 2018)

_____

OPINION*

_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Josue Guevara-Palada, proceeding pro se, has filed a petition for review of an order of the Board of Immigration Appeals dismissing his appeal of an Immigration Judge's decision for lack of jurisdiction. For the reasons that follow, we will deny the petition for review.

Guevara-Palada is a native and citizen of Honduras. He entered the United States without inspection in 2006 and the Department of Homeland Security removed him shortly after his arrival pursuant to an expedited removal order. Guevara-Palada reentered the United States without inspection four months later. In 2016, Guevara-Palada was arrested for driving under the influence and DHS reinstated his 2006 removal order. Guevara-Palada expressed a fear of returning to Honduras. After an interview, an asylum officer concluded that Guevara-Palada had not shown a reasonable fear of persecution or torture in Honduras and thus did not refer his case to an Immigration Judge for withholding of removal proceedings.

Guevara-Palada sought review of the asylum officer's decision. An Immigration Judge held a hearing at which Guevara-Palada was represented by counsel. In response to questions by the IJ, Guevara-Palada affirmed that he feared returning to Honduras based on an incident with a man named Eliseo Duarte. Guevara-Palada stated that Duarte tried to kill him after he beat him at cards. Guevara-Palada called the police and Duarte was arrested and deported more than five years ago. Guevara-Palada stated that Duarte has harmed and threatened his family in Honduras.

The IJ agreed with the asylum officer that Guevara-Palada did not have a viable

claim for relief from removal. The IJ issued a form order providing that Guevara-Palada had not established a reasonable possibility that he would be persecuted on account of a protected ground or a reasonable possibility that he would be tortured. The order stated that it was a final order and that no administrative appeal was available.

Through counsel, Guevara-Palada filed a petition for review. We granted the Government's unopposed motion to remand the proceedings in order to allow the IJ to address, among other things, Guevara-Palada's claim under the Convention Against Torture. See C.A. No. 16-4424, 6/16/17 Order. On remand, the IJ issued a summary ruling, which he later amended, rejecting this claim.

Guevara-Palada, proceeding pro se, appealed to the Board of Immigration Appeals. The BIA dismissed the appeal for lack of jurisdiction, stating that the regulations provide that no appeal lies from an IJ's decision reviewing a negative reasonable fear determination. Guevara-Palada then filed the present petition for review.

Guevara-Palada argues in his brief that the IJ erred in ruling that he had not established a reasonable fear of torture. The IJ's decision, however, is not properly before us. A petition for review must be filed not later than 30 days after the date of a final order of removal. 8 U.S.C. § 1252(b)(1). This requirement is jurisdictional. Verde-Rodriguez v. Att'y Gen., 734 F.3d 198, 201 (3d Cir. 2013). The BIA's decision dismissing Guevara-Palada's appeal for lack of jurisdiction is the only agency decision issued within 30 days of the filing petition for review and our scope of review in this case is limited to that decision.

3

Guevara-Palada does not contend that the BIA erred in dismissing his appeal, but asserts that we may review the IJ's decision under Martinez v. Sessions, 873 F.3d 655 (9th Cir. 2017), and Ayala v. Sessions, 855 F.3d 1012 (9th Cir. 2017). The court of appeals in these cases reviewed the decisions of immigration judges where the BIA had dismissed the aliens' appeals for lack of jurisdiction. This case, however, is distinguishable. Guevara-Palada was not misled by the agency and he cannot claim that he did not know an appeal to the BIA was unavailable in light of the procedural history of his case. Guevara-Palada did not file an appeal with the BIA after the IJ's initial decision and the cover sheet for that decision stated that no administrative appeal was available.[1] Guevara-Palada states that the cover sheet for the IJ's decision after the remand provided that the decision was final unless an appeal to the BIA was filed, but the record reflects that this was one of several options on the cover sheet, that the line next to that option was not checked, and that the option did not apply. The cover sheet noted that the new decision was attached.

Accordingly, we will deny the petition for review.

---

[1]To the extent Guevara-Palada contends that he filed an appeal with the BIA, the administrative record does not reflect that was the case.