NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL PINEDA LANDIN and BLANCA LILIA PINEDA, | No. 14-72430 |
| Petitioners, | Agency Nos. A079-537-071 A079-537-072 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2018
Pasadena, California

Before: TALLMAN and NGUYEN, Circuit Judges, and BENNETT,[**] District Judge.

Raul Pineda Landin and Blanca Lilia Pineda ("the Pinedas"), citizens of

Mexico who are married to each other, petition for review of a Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

Immigration Appeals' (BIA) decision denying their second motion to reopen their removal proceedings. The Pinedas argue that the BIA abused its discretion by denying their motion to reopen, which alleged both ineffective assistance of counsel by the attorney that represented them in their removal proceedings and changed country conditions relevant to the asylum claim withdrawn by their ineffective counsel. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we grant in part and deny in part.

1. The BIA did not abuse its discretion by denying the Pinedas' motion to reopen on the basis of changed country conditions. A motion to reopen to apply, or reapply, for asylum and related relief "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," may be filed at any time and is not subject to the one-motion numerical limit. 8 C.F.R. § 1003.2(c)(3)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii). The "critical question" in such motions "is not whether the allegations bear some connection to a prior application, but rather whether the circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). The BIA's conclusion that the Pinedas proffered evidence was quantitatively, but not

2

qualitatively, different from the evidence that would have been submitted with their original asylum application was not an abuse of discretion. *See Najmabadi v. Holder*, 597 F.3d 983, 991 (9th Cir. 2010) ("[S]ubstantial evidence supports the Board's finding that the evidence [petitioner] submitted in her motion to reopen was not qualitatively different from the evidence presented at the original hearing.").

2. The BIA denied the Pinedas' motion to reopen on the basis of ineffective assistance of counsel because of the failure to show prejudice. *See Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir. 2003) ("To show a deprivation of due process caused by ineffective assistance of counsel, the alien must show that counsel's ineffective performance prejudiced her."). Though the decision contains some discussion of equitable tolling,[1] as the government concedes, the agency denied the petition for review on the prejudice prong alone. Therefore, we review only the prejudice analysis, since "[i]n reviewing the decision of the BIA, we consider *only*

---

[1] The BIA noted that the Pinedas failed to comply with the *Matter of Lozada* requirements for the attorneys who represented them on direct appeal to the BIA and on a 2006 motion to reopen. 19 I&N Dec. 637 (BIA 1988). But the Pinedas seek to reopen their removal proceedings, and they did comply with *Lozada* as to the attorney who represented them there. The BIA may have been suggesting that the Pinedas needed to comply with *Lozada* for the intermediary attorneys in order to show equitable tolling of the motion to reopen filing deadline. *See Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). But, as the government concedes in its brief, the BIA denied the Pinedas' motion on the prejudice prong only. Therefore, we do not address the issue here.

3

the grounds relied upon by that agency," as we "cannot affirm the BIA on a ground upon which it did not rely." *Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008) (emphasis added) (citations omitted).

The conclusion that the Pinedas did not show prejudice was an abuse of discretion. "The BIA must . . . credit evidence supporting a motion to reopen unless that evidence is 'inherently unbelievable.'" *Shouchen Yang v. Lynch*, 822 F.3d 504, 508 (9th Cir. 2016) (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1256 (9th Cir. 2014)). The evidence submitted with the Pinedas' motion to reopen demonstrates that, at the time their attorney improperly withdrew the asylum application, they had plausible claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on past and feared future harm to the Pineda family on the basis of land ownership.[2] *See Cordoba v. Holder*,

---

[2] At oral argument, the parties discussed whether the Pinedas' asylum application would have been untimely. *See* 8 U.S.C. § 1158(a)(2)(B) (requiring that an applicant file for asylum "within 1 year after the date of the alien's arrival in the United States"). Because Raul Pineda entered the United States in lawful status in 2000 and filed for asylum in 2001, he may have filed before the one-year deadline or within a "reasonable period" after the expiration of his lawful status. *See Husyev v. Mukasey*, 528 F.3d 1172, 1177-78 (9th Cir. 2008); 8 C.F.R. § 1208.4(a)(5)(iv). He has therefore shown "plausible grounds" that his application would have been considered timely if properly filed. His wife, Blanca Pineda, was included as a derivative on his application, and is therefore not subject to the one-year bar. *See* 8 C.F.R. § 1208.21(a) (noting that a spouse may be granted asylum "if accompanying . . . the principal alien who was granted asylum" unless ineligible under 8 U.S.C. § 1158(b)(2)(A)(i)-(v), but not under 8 U.S.C. § 1158(a)(2)(B)). Moreover, the government has not raised any argument regarding the application of the one-year bar to the Pinedas' asylum application, and

4

726 F.3d 1106, 1114 (9th Cir. 2013) ("For almost thirty years, the BIA has recognized that landownership may form the basis of a particular social group within the meaning of the INA."); *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004) (citation omitted) ("To prove he was prejudiced by counsel's alleged ineffectiveness, [petitioner] 'only needs to show that he has *plausible* grounds for relief.'"). Therefore, we grant the petition in part and remand for further proceedings.

**PETITION GRANTED IN PART, DENIED IN PART.**

---

therefore has waived it. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) (finding that the government had "waived any challenge" to part of petitioner's case where it did "not offer any argument on the merits").