
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IOANNIS LOUKAS, AKA Jean Kabolis,
AKA John Loukas,

                Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

                Respondent.

No.    14-73363

Agency No. A031-013-540

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2018
Seattle, Washington

Before: GOULD and WATFORD, Circuit Judges, and ROTHSTEIN,[**] District
Judge.

    Ioannis Loukas, a native and citizen of Greece, petitions for review of the

Board of Immigration Appeals' dismissal of his appeal from an immigration

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Barbara Jacobs Rothstein, United States District Judge
for the Western District of Washington, sitting by designation.

judge's negative reasonable fear determination. We grant the petition for review and remand for further proceedings.

Contrary to the government's contention, we have jurisdiction over Loukas' petition for review. Like the petitioner in *Martinez v. Sessions*, 873 F.3d 655 (9th Cir. 2017), Loukas was unaware that he needed to file a petition for review directly in our court, rather than taking an administrative appeal to the BIA. Nothing in the final order entered by the immigration judge (IJ) adequately clarified the process by which further appellate review of the IJ's ruling could be obtained. Because Loukas was proceeding *pro se* when he attempted to seek appellate review of the IJ's order, his case is squarely governed by *Martinez*'s holding. We therefore treat the BIA's dismissal of his appeal as the final order of removal. *See id.* at 660. Loukas timely petitioned for review of that order within the jurisdictionally mandated 30 days.

In his petition for review, Loukas contends that the IJ violated his due process rights in two respects: by failing to provide a reasoned explanation for rejecting Loukas' claim that he feared persecution or torture; and by improperly denying him a full and fair opportunity to present testimony in support of his claim. The government's brief does not meaningfully address the merits of these contentions, so we deem any opposition to them waived. As in *Martinez*, we

vacate the IJ's order upholding the asylum officer's negative reasonable fear determination, and we remand this case to the IJ for further consideration in accordance with this disposition. *See id.*

**PETITION FOR REVIEW GRANTED; CASE REMANDED.**