NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO ANTUNEZ DELGADO, | No. 15-71521 |
| Petitioner, | Agency No. A096-342-377 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submission Deferred February 7, 2019
Resubmitted June 25, 2019
Pasadena, California

Before: GOULD, NGUYEN, and OWENS, Circuit Judges.

Petitioner Antonio Antunez Delgado, a native and citizen of Mexico, was

found removable as an alien not admitted or paroled. The Immigration Judge ("IJ")

found that Delgado was statutorily ineligible for cancellation of removal and

voluntary departure on the ground that his conviction for simple possession of

cocaine in 2000 was enhanced for recidivism, and was therefore an aggravated

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

felony under *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). The Board of Immigration Appeals ("BIA") adopted and affirmed the IJ's decision. Delgado petitions for review of the BIA's decision that he is ineligible for voluntary departure. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) "to review legal and constitutional issues" with the BIA's determination that Delgado was statutorily ineligible for voluntary departure. *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 976 (9th Cir. 2006). We grant the petition.

Individuals who are "not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4)(B)" may be eligible for voluntary departure. 8 U.S.C. § 1229cc(a)(1). Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The Supreme Court has held that "second or subsequent simple possession offenses are not aggravated felonies . . . when . . . the state conviction is not based on the fact of a prior conviction." *Carachuri-Rosendo*, 560 U.S. at 566. Delgado argues that his 2000 conviction for simple possession was not enhanced for recidivism and could not qualify as an aggravated felony under this authority.[1]

The government does not contest the merits of Delgado's petition. The government's only argument is that "[t]he evidence in the record is not conclusive" as to whether Delgado's conviction was actually enhanced for recidivism and that

---

[1] We do not reach Delgado's other arguments.

for this reason we should remand the case.  The IJ and the BIA have already decided this question by citing to the evidence in the record.  Where, as here, "the record on remand would consist only of those documents already in the record" and the BIA has ruled on the issue, then "a remand for reconsideration would be both unnecessary and inappropriate."  *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1080 (9th Cir. 2007); *see also Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1133–34 (9th Cir. 2006) (en banc) (holding that a court of appeal should not remand on issues "the BIA has already addressed").  We therefore decline to remand the case for reconsideration.

Where "[t]he government does not offer any argument on the merits of this petition . . . it has waived any challenge to the arguments [petitioner] raised." *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017).  We grant the petition for review and remand for consideration of Delgado's claim for voluntary departure in light of the conclusion that his 2000 conviction for possession was not an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).

**PETITION GRANTED and REMANDED.**