NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAZEN JARBANDA,<br><br>            Petitioner,<br><br>   v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>            Respondent. | No.   18-70114<br><br>Agency No. A208-584-466<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2020[**]
San Francisco, California

Before:  FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,[***] District Judge.

Petitioner Mazen Jarbanda, a native and citizen of Syria and permanent

resident of Guatemala, appeals the Board of Immigration Appeals' ("BIA") order

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

affirming the immigration judge's ("IJ") denial of eligibility for asylum and withholding of removal, and denial of protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny in part and grant in part the petition for review, and we remand to the BIA for further proceedings consistent with this disposition.

The BIA erred when it considered Jarbanda's asylum claim from both Syria and Guatemala. Asylum is available to refugees, and the Immigration and Nationality Act defines "refugee" as "any person who is outside any country of such person's *nationality* . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, *that country* because of persecution or a well-founded fear of persecution on account of" a protected ground. 8 U.S.C. § 1101(a)(42) (emphases added), *see also id.* § 1158(b)(1)(A). In order "to receive asylum, a person of dual nationality must demonstrate a well-founded fear of persecution in *both* countries." *Sung Kil Jang v. Lynch*, 812 F.3d 1187, 1192 (9th Cir. 2015). Although the BIA made no findings regarding whether Jarbanda has dual nationality, it analyzed whether Jarbanda was eligible for asylum from both Syria and from Guatemala. On petition for review of the BIA's decision, Jarbanda contends that the agency erred in analyzing whether he was eligible for asylum from Guatemala because he is not a national of Guatemala. The Government's brief "does not offer any argument on

2

the merits of this" contention, so "it has waived any challenge to the argument[] [Jarbanda] raised" regarding the BIA's error in analyzing asylum from Guatemala. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017). Thus, on remand, the BIA should consider only whether Jarbanda is eligible for asylum from Syria.

The BIA also erred when it determined that Jarbanda was ineligible for asylum from Syria because he was "firmly resettled" in Guatemala. Asylum is barred if the applicant "was firmly resettled in another country prior to arriving in the United States." 8 U.S.C. § 1158(b)(2)(A)(vi). "An alien is considered to be firmly resettled if, prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of permanent resident status[.]" 8 C.F.R. § 208.15. An exception arises if "the conditions of [the applicant's] residence in that country were so substantially and consciously restricted by the authority of the country of refuge that he or she was not in fact resettled." *Id.* § 208.15(b).

The IJ rejected Jarbanda's argument that he was not firmly resettled in Guatemala because the conditions of his residence were substantially and consciously restricted, noting that Jarbanda "was able to obtain property, work, travel freely, and progressively solidify his immigration status in Guatemala." The IJ expressly did not consider Jarbanda's evidence relating to harm he suffered in Guatemala, stating that it was irrelevant: "[Jarbanda's] closing arguments cite to

3

USCIS training materials to determine that persecution in the third country is evidence that the individual has not firmly resettled. However, there is not statutory or precedent based authority for this interpretation." The BIA affirmed the IJ's decision on firm resettlement without discussion of Jarbanda's evidence of his suffered harm.

We conclude that the IJ and the BIA improperly disregarded Jarbanda's evidence relating to his suffered harm, including testimony that he was threatened and extorted by gang members and police officers in Guatemala. Evidence of past persecution "could rebut the finding of firm resettlement in light of our previous holding that firmly resettled aliens are by definition no longer subject to persecution." *Arrey v. Barr*, 916 F.3d 1149, 1159–60 (9th Cir. 2019) (quotation marks and citation omitted). We remind the BIA that a finding of past persecution which would support an asylum claim is sufficient, but not necessary, to show a lack of firm resettlement. Thus, even if Jarbanda's evidence is of harm insufficient for a claim of past persecution, that evidence is still relevant to the analysis of whether he was firmly resettled in Guatemala. *See Matter of K-S-E-*, 27 I. & N. Dec. 818, 821-22 (BIA 2020) (considering whether "the respondent's . . . evidence . . . of discrimination and criminal activity against Haitians in Brazil . . . establish[ed] that the Brazilian Government actively support[ed] any mistreatment of Haitians that . . . constitute[d] a conscious and substantial restriction of the

4

respondent's residence"). We remand so that the BIA can reevaluate Jarbanda's claim for asylum from Syria, taking into account evidence of the harm he suffered in Guatemala. *See Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007) ("'[T]he BIA is obligated to consider and address in its entirety the evidence submitted by a petitioner,' and where its failure to do so could have affected its decision, remand is appropriate." (alteration in original) (quoting *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005))).

With regard to Jarbanda's withholding and CAT claims, the BIA properly limited its consideration of those claims to the context of Guatemala. Unlike for asylum, withholding and CAT claims both depend on the applicant's fear of returning to his country of removal. *See* 8 C.F.R. § 1208.16. Jarbanda was ordered removed to Guatemala, not Syria. Therefore, it is irrelevant that he fears persecution or torture in Syria for purposes of these claims, because "nobody is trying to send [him] to" Syria. *Su Hwa She v. Holder*, 629 F.3d 958, 965 (9th Cir. 2010).

Substantial evidence supports the BIA's determination that Jarbanda was ineligible for withholding because he failed to show the requisite nexus between his suffered harm and a protected ground. Jarbanda testified that threats and extortion were common problems for businessowners in Guatemala. And, in the factual circumstances present here, the single instance of offensive remarks

5

regarding the petitioner's origin does not compel a finding of nexus. *Cf. Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019).[1]

The record likewise does not compel the conclusion that Jarbanda would "more likely than not" be tortured upon removal to Guatemala. 8 C.F.R. § 208.16(c)(2). Jarbanda's past harm was not torture. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007). Nor do the country conditions reports on Guatemala compel the finding that Jarbanda would be subject to a sufficient particularized threat of torture. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008).

We deny in part and grant in part the petition for review, and we remand to the BIA for further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.

**PETITION FOR REVIEW DENIED IN PART; GRANTED IN PART; REMANDED.**

---

[1] We reject Jarbanda's argument that the agency failed to apply the correct legal standard (that a protected ground was "a reason" for the harm, *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017)). Both the IJ and the BIA expressly asked whether a protected ground was "a reason" for Jarbanda's suffered harm.