NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL NAVARRETE DORANTES, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   19-72823 <br><br> Agency No. A087-748-869 <br><br> MEMORANDUM[*] |

On Petition for Review of an
Order of the Immigration Judge

Submitted June 2, 2020[**]

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Manuel Navarrete Dorantes, a native and citizen of Mexico, petitions for

review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a)

that he did not have a reasonable fear of persecution or torture in Mexico, and is

thus not entitled to relief from his reinstated removal order.  We have jurisdiction

under 8 U.S.C. § 1252.  We review an IJ's negative reasonable fear determination

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We grant the petition for review and remand.

Substantial evidence does not support the IJ's determination that Navarrete Dorantes failed to establish a reasonable possibility of persecution in Mexico on account of a protected ground. *See Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019) (holding that the agency must conduct a reasoned analysis of a petitioner's ability to relocate); *Parada v. Sessions*, 902 F.3d 901, 910-11 (9th Cir. 2018) (evidence that the petitioner was persecuted in retaliation for his brother's conduct established a nexus to a protected ground); *Ayala v. Sessions*, 855 F.3d 1012, 1020-21 (9th Cir. 2017) (holding that where a petitioner's membership in particular social group of family is at least "a reason" for mistreatment, it is sufficient to meet the nexus requirement for withholding of removal); *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1198-1201 (9th Cir. 2000) (record compelled conclusion government was unable or unwilling to control mistreatment).

Substantial evidence also does not support the IJ's determination that Navarrete Dorantes failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Parada*, 902 F.3d at 916 ("[W]e have held that the acquiescence standard is met where the record demonstrates that public officials at any level – even if not at the federal level –

2                                                                    19-72823

would acquiesce in torture the petitioner is likely to suffer.").

Thus, we grant the petition for review and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017).

We reject as unsupported by the record Navarrete Dorantes' contentions that the IJ did not apply the proper legal standard.

Navarrete Dorantes' motion for a stay of removal (Docket Entry No. 1) and his supplemental motion (Docket Entry No. 7) are denied as moot.

**PETITION FOR REVIEW GRANTED; REMANDED.**