NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIC JAUGHN BELIEU,

          Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

          Defendant-Appellee.

No.    20-35401

D.C. No. 4:19-cv-05165-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted June 8, 2021
Seattle, Washington

Before:  GILMAN,[**] GOULD, and MILLER, Circuit Judges.

Eric Belieu appeals from the district court's judgment affirming a decision

of an administrative law judge (ALJ) denying disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing the ALJ's decision for legal error and the factual findings for substantial evidence, *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020), we reverse and remand for further proceedings.

1.      The ALJ provided a specific and legitimate reason supported by substantial evidence for rejecting the contradicted opinion of Dr. N.K. Marks, an examining psychologist. *See Ford*, 950 F.3d at 1155–56. Although some of the ALJ's reasons may have been insufficient, any error was harmless in light of the ALJ's finding that Dr. Marks's opinion was "not consistent with the longitudinal record, including consistent normal psychiatric observations in the treatment notes." *See id.* at 1156 n.8.

2.      But the ALJ did not provide a germane reason supported by substantial evidence for rejecting the opinion of Michelle Womack, a certified physician's assistant who served as Belieu's treating provider for years. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Among other things, Womack opined that Belieu would need to lie down during the day and that he likely would need to miss four or more days of work per month to attend medical appointments for his skin condition. The ALJ assigned Womack's opinion "little weight because it consists merely of checked boxes with little narrative explanation" and "is inconsistent with the unremarkable physical findings throughout the record."

Neither rationale is valid. An ALJ may not discount the opinion of an "other source" merely because it was rendered in a check-box form when, as in this case, the record contains the source's underlying treatment records and the source treated the claimant over an extended period. *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017). Nor does substantial evidence support the ALJ's determination that Womack's opinion was inconsistent with the physical findings in the record. Beginning in October 2015, Womack's treatment records describe repeated complaints of joint pain and fatigue. And the record shows that Belieu complained of fatigue to other providers, including Dr. Nicholas Compton, Dr. Jaideep Shenoi, and Dr. Greg Sawyer. That Womack observed Belieu to be alert and oriented, well-appearing, and in no acute distress is not inconsistent with her opinion that Belieu would need to take frequent breaks. And there is at least one month in the record—March 2016—in which Belieu visited doctors on four separate weekdays, supporting Womack's contention that Belieu was likely to be absent from work four or more days every month.

3. The ALJ did not provide specific, clear, and convincing reasons supported by substantial evidence for discounting Belieu's symptom testimony. *See Orn v. Astrue*, 495 F.3d 625, 635–36 (9th Cir. 2007). On appeal, the Commissioner defends only the ALJ's findings that Belieu's testimony was inconsistent with his activities of daily living and that he "repeatedly exaggerated"

3

his symptoms, so he has forfeited any defense of the ALJ's remaining rationales. *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017).

The ALJ reasoned that Belieu's function report shows that he "cares for children, has no problem with his personal care, makes his own simple meals, does dishes, vacuums, dusts, takes the dog out every day, drives, and shops in stores." But Belieu's function report also described limitations in carrying out these tasks that "do not contradict his other testimony." *Orn*, 495 F.3d at 639; *see Diedrich v. Berryhill*, 874 F.3d 634, 642–43 (9th Cir. 2017). And the ALJ did not find that these activities were readily transferrable to a work environment. *See Diedrich*, 874 F.3d at 643.

The ALJ's finding that Belieu exaggerated his symptoms is also not supported by substantial evidence. Belieu's testimony that he suffers frequent skin outbreaks that can appear anywhere on his body is supported by extensive record evidence. That Belieu was sometimes observed without a rash is not inconsistent with his testimony that there are short periods between outbreaks, and in any event, "[o]ccasional symptom-free periods . . . are not inconsistent with disability." *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) (ellipsis in original) (quoting *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995)). Contrary to the ALJ's decision, Belieu did not testify to having "constant skin outbreaks on both hands . . . and armpits." Rather, he testified that over the course of three years, he

had had "[m]aybe three or four" such outbreaks, which is not inconsistent with the record. The ALJ also claimed that Belieu had "dramatically overstated" his symptoms by claiming to have "constant diarrhea [and] daily headaches" despite not "consistent[ly] report[ing] significant diarrhea to his providers." But Belieu complained of having diarrhea anywhere from two to six times per day and was referred to a specialist. Belieu also testified that his headaches occurred "four or five times a week," not daily, and he frequently reported headaches to his providers.

To the extent the ALJ discounted Belieu's symptom testimony because it was inconsistent with Dr. Jack Lebeau's testimony, the ALJ erred. Dr. Lebeau testified that urticaria pigmentosa could cause "nausea, vomiting, [and] headache[s]" consistent with Belieu's complaints. And contrary to Dr. Lebeau, who has no relevant specialty and who did not review any of Belieu's medical records, Belieu's treating dermatologist noted that Belieu's "significant systemic symptoms" could be related to "simply skin disease" and did not necessarily indicate more severe systemic mastocytosis.

To be sure, substantial evidence supports the ALJ's finding that Belieu exaggerated when he testified to having outbreaks on his feet "[e]veryday" because most of Belieu's skin examinations do not note foot rashes. But in light of the record as a whole, we cannot "confidently conclude" that the ALJ's errors were

5

harmless. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).

4.      Where, as here, an ALJ commits prejudicial error and the record contains conflicts and ambiguities, we remand for further proceedings. *Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Here, the record contains conflicts and ambiguities. For example, Dr. Sawyer's opinion that Belieu would "not have difficulty" maintaining regular attendance conflicts with Womack's opinion, and the record is ambiguous as to whether Belieu would be off task for ten percent or more of the workday.

**REVERSED and REMANDED.**