NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOHAMED SALADDIN MOUSA,

Petitioner,

v.

MERRICK B. GARLAND, U.S. Attorney
General,

Respondent.

No.   22-541

Agency No. A058-847-100

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2023
San Francisco, California

Before:  S.R. THOMAS, MILLER, and SANCHEZ, Circuit Judges.

Mohamed Saladdin Mousa ("Mousa"), a native and citizen of Egypt,

petitions for review of the Board of Immigration Appeals' ("BIA") decision which

vacated the Immigration Judge's ("IJ") grant of deferral of removal under the

Convention Against Torture ("CAT") based on a finding that he is likely to be

tortured because of his history of violent and criminal behavior and affirmed the

IJ's denial of asylum, withholding of removal, and CAT deferral based on his

---

   *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Jewish faith, apostate status, and mental health diagnoses. We have jurisdiction under 8 U.S.C. § 1252. We deny in part and grant in part Mousa's petition for review and remand to the agency for further proceedings.

1. The BIA did not abuse its discretion in affirming the IJ's denial of asylum and withholding of removal based on its determination that Mousa's 2017 assault conviction constituted a particularly serious crime. *See Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020). The IJ and the BIA properly considered the relevant circumstances of the offense, including Mousa's self-defense claim and Mousa's mental health symptoms at the time of the events in question. This Court cannot reweigh the evidence to reach a different conclusion as to the seriousness of the crime. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015).

2. We conclude the BIA erred in vacating the IJ's grant of deferral of removal under CAT. BIA regulations prohibit the Board from "engag[ing] in *de novo* review of findings of fact determined by an [IJ]." 8 C.F.R. § 1003.1(d)(3)(i). In reviewing an IJ's factual findings for clear error, "the BIA cannot disregard the IJ's findings and substitute its own view of the facts. Either it must find clear error, explaining why; or, if critical facts are missing, it may remand to the IJ." *Ridore v. Holder*, 696 F.3d 907, 919 (9th Cir. 2012). Whether the BIA has applied the correct standard of review is a question of law. *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012). "[O]ur task is to determine whether the BIA faithfully

employed the clear error standard or engaged in improper de novo review of the IJ's factual findings." *Id.*

The IJ made two predictive findings relevant to its grant of CAT deferral. First, the IJ found that given Mousa's extensive "history of violent and criminal behavior" in the United States spanning more than a decade, it is likely that Mousa "would at some point come to the attention of law enforcement in Egypt, which, in turn, is likely to result in his arrest and detention." In support of its finding, the IJ pointed to Mousa's 35-page FBI rap sheet detailing over 20 arrests and convictions between 2008 and 2019. Second, the IJ found that "[o]nce in detention . . . Egyptian authorities are more likely than not to engage in torturous conduct to extract a confession or otherwise punish [Mousa] for his criminal conduct."

The BIA vacated the IJ's grant of CAT deferral, explaining that the IJ "clearly erred to the extent he concluded that it is more likely than not that [Mousa] will be tortured because of his history of violent and criminal behavior." The BIA acknowledged evidence in the record "reflect[ing] reported incidents of torture by police and prison guards" and did not disagree with the IJ's finding that Egyptian authorities would likely engage in torture if Mousa were placed in detention.[1]

---

[1] In briefing before the BIA and this Court, the Government did not challenge the IJ's finding that Mousa is likely to be tortured if he is detained by Egyptian

3

However, the BIA doubted that Mousa would end up in detention given that Mousa spent the first 25 years of his life in Egypt without being arrested or committing a crime.

We conclude the BIA engaged in de novo review of the IJ's factual findings, improperly substituting its own view of the evidence for that of the IJ. The BIA gave more weight to the fact that Mousa had no criminal record in Egypt than to Mousa's more recent record of over 20 criminal arrests and convictions in the United States, including an assault conviction that the BIA deemed a particularly serious offense. *See Soto-Soto v. Garland*, 1 F.4th 655, 659 (9th Cir. 2021) ("[I]f it appears that the BIA gave more weight to certain facts in the record than to others, leading to a different conclusion from the IJ," this Court "may justifiably infer that the BIA applied the wrong standard of review."). The IJ had ample reason to conclude that Mousa is likely to come to the attention of Egyptian authorities when he is removed from the United States based on his conviction for a particularly serious crime. The BIA failed to explain how the IJ's predictive factual findings were implausible, illogical, or unsupported by the record in this case. *See Guerra v. Barr*, 974 F.3d 909, 913–16 (9th Cir. 2020).

authorities. The Government therefore forfeited any challenge to this issue. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017).

4

We grant Mousa's petition for review as to his application for CAT deferral based on his history of violent and criminal behavior and remand for reconsideration under the correct standard. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). Because the BIA must, on remand, consider "all evidence relevant to the possibility of future torture," *see* 8 C.F.R. § 208.16(c)(3), we need not address Mousa's other arguments that the BIA and IJ failed to consider all his evidence when the agency denied CAT deferral based on his Jewish faith, his apostate status, or his mental health diagnoses. *See Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1158 (9th Cir. 2022).

The motion for a stay of removal is granted. The stay of removal remains in place until the mandate issues.

**PETITION GRANTED in part, DENIED in part, and REMANDED.**