NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO ENRIQUE SANTELIZ,<br><br>    Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 22-1723<br><br>Agency No.<br>A070-096-048<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2024[**]
Pasadena, California

Before: RAWLINSON, MELLOY [***], and H.A. THOMAS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael J. Melloy, United States Senior Circuit Judge for the Court of Appeals, 8th Circuit, sitting by designation.

Mario Enrique Santeliz petitions for review of the Board of Immigration Appeals' (BIA) denial of his most recent motion to reopen or reconsider. We deny the petition.

Santeliz entered the country without inspection in 2005 after having been twice removed. In November 2020, after a full hearing, an immigration judge denied all claims for relief and ordered removal. In April 2021, the BIA affirmed without opinion. Santeliz did not petition for review of the BIA's 2021 removal order but subsequently filed three motions to reopen or reconsider.

The BIA denied Santeliz's first motion to reopen or reconsider in June 2021. We dismissed Santeliz's petition for review of that denial for failure to prosecute. S*ee* Order, *Santeliz v. Garland*, No. 21-442, ECF No. 13. The BIA denied a second motion to reopen in June 2022. In August 2022, Santeliz filed a third motion to reopen or reconsider, which was timely only as to the BIA's most recent, June 2022 ruling. 8 U.S.C. §§ 1229a(c)(6)(B) (30-day time limit for a motion to reconsider), 1229a(c)(7)(C)(i) (90-day time limit for a motion to reopen).

In the August 2022 motion, Santeliz argued: (1) he was improperly denied a Spanish-language interpreter in his underlying removal proceedings; (2) he was improperly denied relief as a member of the plaintiff class in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991); and (3) reopening was required to consider evidence demonstrating the vacation of his criminal

convictions by the State of California. In September 2022, the BIA denied Santeliz's motion. Santeliz now petitions for review of the BIA's September 2022 order but asserts arguments seemingly related to several of the prior orders as well as the underlying April 2021 removal order.

To the extent Santeliz raises arguments challenging his 2021 removal order, his petition is untimely. *See Martinez v. Sessions*, 873 F.3d 655, 658 (9th Cir. 2017); 8 U.S.C. § 1252(b)(1) (30-day limit to seek court review of BIA order). To the extent the August 2022 motion is his third motion to reopen or reconsider, the motion is barred by 8 U.S.C. §§ 1229a(c)(6)(A) and 1229a(c)(7)(A), which limit petitioners to one motion to reconsider and, in the absence of special circumstances which Santeliz has neither alleged nor shown, one motion to reopen.

To the extent Santeliz's claims are not otherwise encompassed by the foregoing, we find no abuse of discretion by the BIA. *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). The underlying records belie Santeliz's argument regarding his need for a Spanish-language interpreter: he repeatedly asserted that English was his preferred language during his 2020 hearing. The relief granted by the class settlement in *American Baptist Churches* was an opportunity for an asylum hearing, which Santeliz has now received. 760 F. Supp. at 799–800 (granting qualified class members a de novo unappealable asylum adjudication). And finally, Santeliz failed to show how the vacation of his

3

California convictions entitles him to any form of relief. To the extent Santeliz suggests that the vacation of his convictions makes him newly eligible for cancellation of removal, he neither asserted this argument below nor demonstrated the satisfaction of several other requirements for such relief. *See, e.g.*, *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (requiring "prima facie" showing of "exceptional and extremely unusual hardship").

We deny the petition for review.[1]

---

[1] Because Santeliz has not demonstrated an entitlement to relief related to the vacation of his convictions, we deny his pending motion to supplement the record. The current stay of removal remains in effect until issuance of the mandate in this case, but we otherwise deny Santeliz's pending request for a stay of removal.