**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAQUELIN PATRICIA CATALAN-MATTA, | Nos. 19-72896<br>20-70188 |
| Petitioner, | Agency No. A200-771-449 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 20, 2020
Phoenix, Arizona

Before: BYBEE, MURGUIA, and BADE, Circuit Judges.

Petitioner Yaquelin Catalan-Matta de Ruiz (Catalan) petitions for review of

a negative reasonable fear determination under 8 C.F.R. § 1208.31(g) and a denial

of a motion to reopen that determination sua sponte. We have jurisdiction to

review a reinstatement order under 8 U.S.C. § 1252(a)(1), and we review "due

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

process claims and questions of law raised in immigration proceedings *de novo*." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1136 (9th Cir. 2008) (citation omitted). We review factual findings underlying the reasonable fear determination for substantial evidence, meaning the immigration judge's (IJ) conclusion must be upheld "unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016) (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)). We grant the petition in No. 19-72896 and remand for further fact-finding on an open record.

1. Substantial evidence does not support the IJ's determination that Catalan failed to establish a reasonable possibility of persecution in Guatemala on account of a protected ground. The record here compels the conclusion that Catalan was targeted because of her pursuit of the investigations into her daughters' murders by drug traffickers. Thus, Catalan has established a nexus to at least her proposed social group of "witnesses testifying against or otherwise opposing gang members." *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) ("[I]f a retributory motive exists alongside a protected motive, an applicant need show only that a protected ground is 'one central reason' for [her] persecution."); *see also Ayala v. Sessions*, 855 F.3d 1012, 1015 (9th Cir. 2017)

(stating that where petitioner "seeks only withholding of removal and not asylum, she need establish only that a protected characteristic was 'a reason' motivating" the persecution (citation omitted)). Catalan's role as a protected witness in an ongoing investigation may be a protected ground under *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1086, 1092–93 (9th Cir. 2013) (en banc), which held that Salvadoran witnesses testifying against gang members in open court could constitute a particular social group under the Immigration and Nationality Act, 8 U.S.C. §§ 1101–1537. We remand to the agency for further consideration of the cognizability of Catalan's proposed social groups. *See Gonzales v. Thomas*, 547 U.S. 183, 186–87 (2006) (per curiam) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." (citation omitted)).

2.      Substantial evidence also does not support the IJ's determination that Catalan failed to demonstrate a reasonable possibility of torture either by or with the consent or acquiescence of the government if returned to Guatemala. We exercise our discretion to reach this issue despite the lack of development in Catalan's opening brief because the government addressed the torture claim in its brief and therefore is not prejudiced. *See Ndom v. Ashcroft*, 384 F.3d 743, 751 (9th

3

Cir. 2004). The asylum officer found Catalan's testimony credible, and the IJ did not disturb this finding.

Here, Catalan's testimony compels a finding of governmental acquiescence. *See Madrigal*, 716 F.3d at 509 ("[A]n applicant for [Convention Against Torture (CAT)] relief need not show that the entire foreign government would consent to or acquiesce in his torture. He need show only that 'a public official' would so acquiesce." (quoting 8 C.F.R. § 208.18(a)(1))); *id.* at 510 ("If public officials at the state and local level . . . would acquiesce in any torture [petitioner] is likely to suffer, this satisfies CAT's requirement that a public official acquiesce in the torture . . . ."); *see also Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1080 (9th Cir. 2015) ("It is enough for her to show that she was subject to torture at the hands of local officials."). It is unclear whether the asylum officer or the IJ determined whether the past acts Catalan testified that she experienced or the future harms she fears constitute torture. Therefore, we remand for further consideration. *See Gonzales*, 547 U.S. at 186–87.

* * *

In light of the foregoing, we grant the petition for review in No. 19-72896 and remand to the agency for further proceedings consistent with this disposition.[1] *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017).  We dismiss the petition for review in No. 20-70188 as moot.  Catalan's motion for a stay of removal in No. 19-72896 (Docket Entry No. 2) and her supplemental motion (Docket Entry No. 10) are both denied as moot.  We further deny Catalan's motion for judicial notice (Docket Entry No. 35) as moot because our review of that motion was unnecessary for resolution of this appeal.

**PETITION FOR REVIEW IN NO. 19-72896 GRANTED; REMANDED.**

**PETITION FOR REVIEW IN NO. 20-70188 DISMISSED AS MOOT.**

---

[1] Because we remand to the agency for further proceedings, we decline to address Catalan's due process challenges.  However, we do note that the IJ in his discretion "may allow [Catalan] to submit evidence to support [] her claim" upon remand.  *See Bartolome v. Sessions*, 904 F.3d 803, 813 (9th Cir. 2018) (citing 8 C.F.R. § 1003.42(c)); Immigration Court Practice Manual, ch. 7.4(e)(iv)(E).