**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SVITLANA ZONOVA, | No. 20-71211 |
| Petitioner, | Agency No. A079-392-301 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**
Pasadena, California

Before: TASHIMA and LEE, Circuit Judges, and CARDONE,*** District Judge.

Petitioner Svitlana Zonova, a Jewish citizen of Ukraine, petitions for review

of the decision of the Board of Immigration Appeals (BIA) denying her motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

reconsider ("Motion"), which the BIA construed as a both a motion to reconsider and a motion to reopen based on changed country conditions.[1] We deny the petition in part and dismiss in part.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017). The BIA abuses its discretion when its denial is "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (quoting *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir. 1985)).

1. The BIA did not abuse its discretion by denying Petitioner's Motion with respect to reconsideration. A motion to reconsider must "specify[] the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Petitioner did not point to any legal errors in the prior BIA decision, nor did she identify previously submitted evidence that the BIA overlooked or misinterpreted. As such, the petition is denied as to reconsideration.

---

[1] Petitioner purports to "seek[] review of [the BIA's] decisions" to deny both her first motion to reopen, filed in May 2019, and her motion to reconsider. Petitioner did not timely appeal the denial of her first motion to reopen. *See* 8 U.S.C. § 1252(b)(1) (setting thirty-day deadline for appealing final removal orders). Because the time limit for appealing removal orders "has been treated as mandatory and jurisdictional in this Circuit," we lack jurisdiction to review the denial of her first motion. *Martinez v. Sessions*, 873 F.3d 655, 658 (9th Cir. 2017).

2

2. Neither did the BIA abuse its discretion by denying the Motion with respect to reopening. To prevail on a motion to reopen based on changed country conditions, a movant must produce previously unavailable material evidence, which, "when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005); *see* 8 C.F.R. § 1003.2(c)(3)(ii). Petitioner argues that she is prima facie eligible for relief based on several theories of eligibility, all of which fail.

Petitioner first contends that she is prima facie eligible for asylum based on a pattern or practice of persecution of Jews in Ukraine. An applicant may be eligible for asylum based on a "pattern or practice of persecution of a group of persons similarly situated to the applicant" on account of protected grounds including religion, such that the applicant's inclusion in the group makes it "more likely than not that his or her life or freedom would be threatened upon return to that country." 8 C.F.R. § 208.16(b)(2)(i)–(ii). An applicant may prevail based on a showing of persecution by private actors, "so long as the persecution is sufficiently widespread and the government is unable or unwilling to control those actors." *Wakkary v. Holder*, 558 F.3d 1049, 1061 (9th Cir. 2009).

Petitioner argues that the treatment of Jews in Ukraine by anti-Semitic groups constitutes widespread persecution and that the Ukrainian government is

3

unable or unwilling to stop it. She cites reports that anti-Semitic attacks are more common in Ukraine than in other ex-Soviet countries and that radical groups have carried out at least two dozen acts of physical violence or intimidation against Jews in Ukrainian cities since 2018. Although these reports are appalling, they evidence "sporadic"—not widespread—violence, which does not itself establish a pattern or practice of persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180 (9th Cir. 2007).

Furthermore, the BIA did not abuse its discretion in finding insufficient evidence that the Ukrainian government is unable or unwilling to stop anti-Semitic violence. The evidence suggests that the Ukrainian government has, at times, failed to respond to attacks by far-right groups but that it has been more responsive when such attacks were clearly anti-Semitic. In fact, the government has opened criminal investigations related to those attacks, supporting the BIA's determination. *See Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (concluding that the BIA did not abuse its discretion in finding that the Bangladeshi government was not unable or unwilling to stop private persecution when it "did not countenance attacks . . . and intervened in such attacks to the extent that it was able"). As such, the BIA did not abuse its discretion in finding Petitioner had not established prima facie eligibility for asylum based on a pattern or practice of persecution of Jews in Ukraine.

4

We lack jurisdiction to consider Petitioner's remaining arguments for prima facie eligibility for relief, as she failed to raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (providing for judicial review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right"); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). We also lack jurisdiction to consider her argument that her proceedings should be reopened sua sponte. *See Menendez-Gonzalez v. Barr* 929 F.3d 1313, 1315 (9th Cir. 2019 ("This court generally lacks jurisdiction to review a decision by the [BIA] not to exercise its *sua sponte* authority to reopen removal proceedings." (citation omitted)).

3. Finally, Petitioner's due process claim fails. To the extent that Petitioner purports to appeal the denial of her first motion on due process grounds, we lack jurisdiction. *See Martinez*, 873 F.3d at 658. To the extent that Petitioner appeals the denial of reconsideration of the denial of her first motion, her claim fails because the record does not support her assertion that she did not receive the Government's response to her first motion.

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**

5